BOYNTON FURNACE COMPANY, Appellant, v. JOHN
GILBERT *et al.*, Appellees.

Mechanic's Lien: RIGHT OF SUBCONTRACTOR WHO FAILS TO COMPLY
WITH CONTRACT.  A subcontractor for the erection of a building or
other improvement, who knows the conditions of the principal con-
tract, is bound thereby, and if, in performing his subcontract, he
violates those conditions, he will not be entitled to a mechanic's lien
upon the building or improvement.

*Appeal from Plymouth District Court.*—HON. F. R.
GAYNOR, Judge.

TUESDAY, JANUARY 17, 1893.

ACTION to establish a mechanic's lien, which the
district court refused, and the plaintiff appealed.
*Affirmed.*

*Struble Bros. & Hart*, for appellant.

*Ira T. Martin*, for appellees.

GRANGER, J.—George W. and Mary Wilson and
the Union Hotel Company are among the defendants
in this case.  George W. and Mary Wilson are husband
and wife.  Mary Wilson is a lessee of the Union Hotel
Company for an hotel building known as "Union
Hotel," in Le Mars, Iowa.  She, through her agent,
George W. Wilson, on the nineteenth day of November,
1890, entered into a written agreement with the defend-
ant Gilbert, whereby Gilbert, for a consideration of one
thousand, eight hundred and fifty dollars, was to put into
said Union Hotel one of the "Boynton patent hot water
heaters No. 10," with a guaranty as follows: "Said
heater is guarantied to be of sufficient capacity to heat
third floor whenever required.  In putting in the plant

the pipes on the second floor are to be provided with branches or trees, so that connection can easily be made for third floor if needed. All material and workmanship to be first-class; and said Gilbert further guaranties to heat first and second stories of said hotel in all parts where radiators are placed to the temperature of not less than seventy degrees when thermometer is twenty-five degrees below zero in the open air." The contract further required Gilbert to put in pipes, radiators, and other fixtures, and make the proper connections with the boiler for heating the building. The plaintiff company subcontracted with Gilbert to furnish the heater for an agreed price of four hundred and eleven dollars and twenty-five cents, and it is. for this amount, with interest, that it seeks judgment against the defendant Gilbert, and the establishment of its mechanic's lien against the other defendants.

The defendant Gilbert filed his separate answer, pleading a guaranty on the part of the plaintiff company to furnish a heater to heat the building in question, and that he entered into the contract with Wilson at the instance and request of the plaintiff, and relying on its representation as to the capacity of the boiler to heat the building; and that, in pursuance thereof, he contracted with the plaintiff for the boiler. The answer avers that there was a breach of the guaranty in this: that the boiler was entirely insufficient to heat the building in conformity to the contract. The defendants Wilson and wife and the Union Hotel Company unite in an answer averring a breach of the guaranty on the part of Gilbert. The district court gave judgment against Gilbert, but, as we have said, denied the lien as against the other defendants.

It is not a controverted fact in the case but that, as between Gilbert and Wilson, there was a breach of the guaranty; and it is a clearly established fact that after such breach, and in pursuance of an agreement

between Gilbert and Wilson, the latter was authorized to so change the work as to make it conform to the contract, and charge the expense to the unpaid balance on the contract with Gilbert. To do this, a new boiler, with larger pipes, was put in place of the others, with other changes, involving an expense of some one thousand, five hundred dollars, which was more than the unpaid balance due Gilbert. Now, what is the situation as to the plaintiff? We are well satisfied from the evidence that it entered into the contract to furnish the heater with a full knowledge of the situation. The company was not a stranger to Gilbert. In fact its agent went to him at Council Bluffs, to induce him to go to Le Mars to take the contract, assuring him that it had looked over the building, and wished to put in one of its heaters. The hotel was already constructed, and the conditions to be met were open to the observation and understanding of the parties from the beginning. The agent of the plaintiff was a small part of the time present when the work was being done, and made some suggestions in regard to it.

There is quite a serious complaint because of an after agreement between Gilbert and Wilson to so change the plan as to furnish hot water for lavatory purposes, and this is urged as a reason why the boiler was not sufficient to heat the building. No doubt the change had some effect, but it is clearly apparent that the boiler was entirely inadequate to the purpose of heating such a building. This is so manifest from the evidence that it should not be questioned. We think this appears mainly from the plaintiff's own evidence. Its own statement as to the cubic feet of space the boiler would heat shows that it was not equal to the requirements of the contract. The plaintiff knew it, became a subcontractor, and it is asking its lien by virtue thereof. It must take notice of the contract under which it claims its lien, and if, as a subcontractor, it

engaged to furnish a heater, the insufficiency of which would constitute a breach of the conditions of the orig-. inal contract, its subcontract would be no basis for a claim against the employers or owners of the property, and such is the situation of this case. In several respects fault is urged against Wilson to show that the fault for the defective heating was his, but the claims are not established. We seldom meet a case in which the proofs as to a breach of contract are more satisfactory than in this case, and the knowledge and understanding of the plaintiff is no more in doubt. The case is not open to further profitable consideration. The testimony is voluminous, and can not be set out, and a brief reference to it would be of no avail.

One Wood is a defendant in the case, but only as assignee of Gilbert, who became insolvent, and any further reference to him is unnecessary. The contest on this appeal is really between the plaintiff and Wilson.

We think the decree of the district court right, and it is AFFIRMED.